**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12912

Non-Argument Calendar

_____

NICOLAS A. MANZINI,

*Plaintiff-Appellant,*

*versus*

TALBERT CYPRESS,

Individually and in his official capacity as
Chairman of the Miccosukee General
Council a/k/a Miccosukee Business Council,
and the Miccosukee Gaming Agency,

LUCAS K. OSCEOLA,

Individually and in his official capacity as Assistant
Chairman of the Miccosukee General Council a/k/a
Miccosukee Business Council, and the
Miccosukee Gaming Agency,

*Defendants-Appellees.*

—————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-24670-RAR

—————————————

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Nicolas Manzini appeals pro se from the district court's order dismissing his amended complaint alleging violations of the Indian Gaming Regulatory Act ("IGRA"), the regulations of the National Indian Gaming Commission ("NIGC"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and seeking equitable relief under the Declaratory Judgment Act ("DJA"), as well as its order denying his motion to alter or amend the judgment. Manzini argues that the district court erred by dismissing his amended complaint and finding that further amendment would be futile, and abused its discretion by denying his motion to alter or amend the judgment. But he fails to identify a right of action in IGRA that would give him the relief he seeks. We therefore **AFFIRM** the district court's orders.

**I**

First, we consider the district court's order dismissing Manzini's claim and denying his motion to amend the complaint. We review a district court's dismissal of a complaint for failure to state a claim and a district court's determination that any amendment would be futile de novo. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 60 F.3d 1334, 1336 (11th Cir. 2010). Amendment is futile if the

25-12912                Opinion of the Court                3

amended complaint would still be subject to dismissal. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

The Supreme Court has made it clear that "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). To that end, "the judicial task" is to discern whether a particular statute "displays an intent to create not just a private right but also a private remedy." *Id.* As evidence of such intent, courts look for "clear and unambiguous" language conferring a right on an individual, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002), and enforcement mechanisms that do not displace a private remedy, *Sandoval*, 532 U.S. at 289.

IGRA addresses gaming on Indian lands and authorizes the NIGC to regulate gaming on tribal lands. *Alabama v. PCI Gaming Auth.*, 801 F.3d 1278, 1282–84 (11th Cir. 2015). Its declaration of policy provides in relevant part: "The purpose of this Act is . . . to provide a statutory basis for the regulation of gaming by an Indian tribe adequate to shield it from organized crime and other corrupting influences, to ensure that the Indian tribe is the primary beneficiary of the gaming operation, and to assure that gaming is conducted fairly and honestly by both the operator and players." 25 U.S.C. § 2702.

Manzini argues that this provision—declaring one "purpose" of the statute—provides him with a right of action. The articulated "purpose[s]" of statutes, though, do not actually regulate any parties nor do they protect the rights of any individuals. They

are not operative, and therefore not enforceable.  Indeed, the provision here is meant only to explain the chapter that follows.  While it may be useful evidence that another provision of IGRA was intended to confer a right of action, it—on its own—does not confer any rights nor any remedies, leaving this part of the statute without a private cause of action.  The district court therefore did not err in dismissing Manzini's claim with prejudice.

## II

Second, we consider the district court's order denying Manzini's Rule 59(e) motion to alter or amend the judgment.  We review the denial of a Rule 59(e) motion for abuse of discretion. *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000).

Rule 59(e) generally permits motions to alter or amend a judgment, Fed. R. Civ. P. 59(e), but a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation modified).

Manzini sought to relitigate his failed claim by pointing the court to "inapposite case[s]," "changing the terms of the relief he seeks, changing the laws under which he seeks relief, and reasserting large portions of his previous pleadings by quoting them in large blocks."  Order Denying Plaintiff's R. 59 Mot., Dkt. No. 44 at

25-12912               Opinion of the Court                    5

2.  This attempt to relitigate older matters fails to show (or even gesture at) the manifest error of law or fact necessary for relief under Rule 59(e).  The district court therefore did not abuse its discretion in denying Manzini's motion.

**AFFIRMED.**